[733 NYS2d 202]

In the Matter of JEAN VENESS (Admitted as JEAN LOMASK), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 13, 2001

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains (*Gary D. Egerman* of counsel), for petitioner.

OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated June 26, 2000, containing three charges of professional misconduct against her. After a hearing on January 9, 2001, the Special Referee sustained all three charges.

The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any reply to the petitioner's motion.

Charge One alleges that the respondent engaged in conduct which is prejudicial to the administration of justice by failing to re-register with the Office of Court Administration (hereinafter OCA) as an attorney and counselor-at-law, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated August 6, 1999, the petitioner advised the respondent that a *sua sponte* complaint had been authorized against her based upon her failure to re-register with OCA for the current and/or previous registration period and/or to file a change of address, pursuant to Judiciary Law § 468-a and 22 NYCRR 118.1. The complaint was sent to the respondent's office address in Norfolk, Virginia, which was the address provided on her last registration form. The petitioner received neither an answer nor the return of that letter.

The petitioner forwarded a second letter, via certified mail, on September 15, 1999, which requested that the respondent answer within 10 days. The letter advised the respondent that her failure to satisfactorily respond could result in her immediate suspension, pursuant to 22 NYCRR 691.4 (*l*) (1) (i). The United States Postal Service returned this letter marked "Return to Sender, Moved, Left No Forwarding Address."

The petitioner's investigation revealed several addresses for the respondent. On October 8, 1999, the petitioner forwarded a letter to the respondent at one of those addresses and requested that the respondent contact the petitioner upon receipt. No response was received.

By letter dated January 4, 2000, sent to the address provided by the respondent's ex-husband, the petitioner advised the re-

spondent of the *sua sponte* complaint. The respondent still failed to submit an answer.

The petitioner forwarded a second letter on February 25, 2000, by certified mail. The letter requested an answer within 10 days and advised that failure to satisfactorily respond could result in a motion for her immediate suspension.

Although that letter was signed for on February 28, 2000, the respondent did not submit an answer.

At its meeting in March 2000, the petitioner concluded that the respondent had engaged in conduct which adversely reflects on her fitness to practice law by failing to cooperate with the petitioner's investigation and which is prejudicial to the administration of justice by failing to re-register with OCA. The petitioner issued the respondent a Letter of Admonition dated May 2, 2000, conditioned upon her registering with OCA and submitting an answer to the complaint within 30 days. The petitioner advised the respondent that if she failed to comply with those conditions, a motion for her interim suspension and for the authorization of a disciplinary proceeding against her would result. The respondent failed to submit an answer within the 30-day period.

The petitioner contacted OCA on June 6, 2000, and was advised that the respondent's registration remained outstanding and that she had not re-registered since the 1997-1998 registration period. The respondent has not answered the complaint or submitted her registration form and the required fee to OCA, despite the petitioner's issuance of a conditional Letter of Admonition.

Charge Two alleges that the respondent has engaged in conduct which adversely reflects on her fitness to practice law by failing to cooperate with the petitioner's investigation, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Charge Three alleges that the respondent engaged in conduct which is prejudicial to the administration of justice by failing to notify OCA of her change of address, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

Judiciary Law § 468-a (2) requires an attorney admitted to practice to file an amended statement with OCA within 30 days of any change in the information previously submitted. Judiciary Law § 468-a (5) states that noncompliance with the provisions of that section constitutes conduct prejudicial to the administration of justice.

The petitioner learned, through its own investigation, that the respondent had relocated to another address in Virginia without notifying OCA. The respondent has yet to notify OCA of her change of address.

Based on the evidence adduced, it is clear that the respondent failed to re-register with OCA, failed to cooperate with the petitioner's investigation, and failed to notify OCA of her numerous changes of address. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner asks the Court to consider the enormous time and expense involved in the disciplinary proceeding caused by the respondent after having been placed on notice by both the petitioner and OCA of the registration requirements of Judiciary Law § 468-a and 22 NYCRR 118.1. The respondent received a conditional admonition emanating from these facts and was warned about her obligation to keep her attorney registration status current with OCA.

The respondent has asserted no mitigation other than her testimony that she never intended to avoid contact with New York.

Inasmuch as the respondent has still not paid her outstanding re-registration arrears and has effectively ignored all prior warnings by the petitioner, the respondent is suspended from the practice of law for an additional year, commencing immediately.

Bracken, P. J., O'Brien, Ritter, Santucci and Altman, JJ., concur.

Ordered that the motion to confirm is granted; and it is further,

Ordered that the respondent, Jean Veness, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period she refrained from practicing or attempting to practice law, (b) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) she has otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the

respondent, Jean Veness, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.